IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE JAMES SHOULDERS,

    Petitioner,                        No. CIV S-07-1593 FCD GGH P

    vs.

PEOPLE OF THE STATE OF CALIFORNIA,

    Respondent.                       FINDINGS & RECOMMENDATIONS

_____/

        By Order, filed on August 31, 2007, petitioner's petition was dismissed for his failure to set forth that his state court remedies had been exhausted. In addition, petitioner was directed either to pay the required filing fee or to file an application requesting leave to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915(a). Petitioner has filed an amended petition, although he has failed to pay the $5.00 filing fee or submit the requisite affidavit to proceed in forma pauperis. Nevertheless, the court will proceed to screen the amended petition.

        On the face of it, petitioner dispels any doubt that his claims are as yet unexhausted, plainly setting forth that his petition before the California Supreme Court is "pending." Amended petition, p. 5. As petitioner was previously informed, the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's

1

counsel. 28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).  Petitioner, as noted, having expressly stated that his application before the state supreme court is still pending, the court must recommend dismissal of the amended petition without prejudice.[2]

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state court remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  10/29/07

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
shou1593.fr

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).